IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEED KHALIL WHITE, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO. 23-66 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                          October 6, 2023

      Rasheed Khalil White ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying his claims for supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.    PROCEDURAL HISTORY**

      Plaintiff protectively filed for SSI on January 31, 2020, alleging that he became disabled on November 1, 2019, as a result of schizophrenia spectrum disorder ("SSD"). Tr. at 33, 276-77. After his claims were denied initially, id. 108-14, and on reconsideration, id. at 116-27, he requested a hearing before an ALJ, id. at 145-46, which took place via telephone on March 1, 2022. Id. at 66-107. On March 10, 2022, the ALJ issued a decision finding that Plaintiff was not disabled. Id. at 33-59.[1] On November 21, 2022, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the

---

[1] Plaintiff was born on October 21, 2003, tr. at 274, and therefore was under 18 at the time of his application and over 18 years of age at the time of the ALJ's decision. The ALJ assessed Plaintiff under both the Childhood and Adult Standards of Disability. Tr. at 34-37.

ALJ's March 10, 2021, decision the final decision of the Commissioner. 20 C.F.R. § 416.1472.

Plaintiff initiated this action by filing his complaint on January 6, 2023. Doc. 1. In response to Plaintiff's brief in support of his request for review, see Docs. 10 & 10-1, Defendant filed an uncontested motion for remand, noting that "remand of Plaintiff's claim is warranted." Doc. 13 ¶ 2.[2]

## II.  DISCUSSION

The ALJ found that Plaintiff suffered from the severe impairment of SSD. Tr. at 38. Notably, in reviewing the paragraph B criteria of the relevant mental health listings ("Listings"), the ALJ found that Plaintiff had mild limitation in the area of understanding, remembering and applying information, and moderate limitation in the areas of interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. Id. at 40. The ALJ next found that Plaintiff did not qualify for disability under the "Listings" either before or after the age of 18, id. at 38-39, 41, 52, and that after turning 18 he retained the residual functional capacity to perform work involving simple, routine tasks in an environment with few workplace changes and not dependent on public interaction, and that does not entail production-rate or assembly-line work, and that is in proximity to others but not in tandem with others. Id. at 54. The ALJ further found that Plaintiff had no past relevant work, id. at 57, and, based on the

---

[2]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges – Extension of Pilot Program (E.D. Pa. Nov. 27, 2020); Doc. 6.

testimony of the vocational expert ("VE"), that there are jobs that exist in significant numbers in the national economy that he can perform, specifically store laborer, hospital cleaner, and sorter.  Id. at 58.

Plaintiff contends that the ALJ (1) failed to evaluate the accommodations Plaintiff was receiving under a 504 plan[3] and his diagnosed post-traumatic stress disorder ("PTSD"), (2) erroneously found that Plaintiff does not meet or equal any listed impairment ("Listings"), (3) failed to avoid internal inconsistencies, and (4) failed to include all of Plaintiff's functional limitations in the hypothetical questions to the VE. Doc. 10-1 at 6.[4]

In view of Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and some of Plaintiff's issues.  First, Plaintiff complains that the ALJ failed to consider school accommodations as required.  When evaluating disability in claimants between 18 and 25 years of age, the Commissioner may consider evidence from school programs such as 504 plans and Individualized Education Programs ("IEPs") to aid in the evaluation of the severity and impact of a young adult's impairments.  S.S.R. 11-2p, "Titles II and XVI: Documenting and Evaluating Disability in Young Adults," 2011 WL 4055665, at *2, 5-6, 8 (Sept. 12, 2011).  Here, the record

---

[3]Section 504 of the Rehabilitation Act, as amended, covers qualified students with disabilities who attend schools receiving Federal financial assistance.  29 U.S.C. § 794. Covered schools "shall make reasonable accommodation to the known physical or mental limitations of an otherwise qualified handicapped applicant or employee unless the recipient can demonstrate that the accommodation would impose an undue hardship on the operation of its program or activity."  34 C.F.R. § 104.12(a).

[4]Plaintiff's claims have been renumbered and reworded.

3

shows that Plaintiff had a 504 plan which went into effect on December 16, 2020.  Tr. at 326.  However, in his opinion the ALJ stated that "there does not appear to be a 504 or IEP plan in the record."  Id. at 45.  The ALJ's failure to acknowledge or consider Plaintiff's 504 plan constitutes clear error.  See 20 C.F.R. § 416.924a(b)(7)(iii) (ALJ must consider the information in a minor's IEP when determining the claimant's level of functioning); see also Martin o/b/o N.D.M. v. Kijakazi, Civ. No. 20-1209, 2021 WL 5987268, at *5 (E.D. Pa. Dec. 16, 2021) (ALJ's failure to apply rules regarding consideration of statements, observations, and opinions of non-medical sources such as teachers constitutes clear error).  On remand, the ALJ shall explain his consideration of all school accommodations, including Plaintiff's 504 plan.

 Plaintiff further complains that the ALJ did not discuss PTSD in his decision.  The record contains multiple instances in which Plaintiff's psychiatrist referenced the "emotional burden of symptoms of PTSD," see tr. at 564, 574, 578, 588, and Plaintiff's treating physician listed PTSD as one of Plaintiff's diagnoses in a Functional Assessment dated February 16, 2022.  Id. at 726.  However, the ALJ did not discuss whether PTSD was one of Plaintiff's severe or determinable impairments.  Id. at 38.  ALJs must determine whether a diagnosed impairment is severe and, if so, whether it meets or equals the relevant Listing.  Plummer v. Apfel, 186 F.3d 422, 428 (3rd Cir. 1999).  Therefore, upon remand, the ALJ shall properly consider the severity and limiting effects, if any, of Plaintiff's PTSD.

 Plaintiff also argues that the ALJ overlooked other substantial evidence and dismissed the opinions of Plaintiff's treating physician, Andrea Bowen, MD, by favoring

the opinions of consulting agency-employed psychological consultants, Thomas Fink, Ph.D., and John David Gavazzi, Psy.D.  Plaintiff correctly asserts that these physicians did not examine Plaintiff, did not have the benefit of Plaintiff's full medical records, and made factual errors in their reports.[5]  Moreover, although the ALJ explained that the recent medical record does not support the degree of limitation opined by Dr. Bowen, tr. at 56, many of the limitations are referenced throughout progress notes and in Dr. Bowen's February 16, 2022 Functional Assessment.  Id. at 636-724, 725-28.  Therefore, on remand the ALJ shall fully consider the pertinent medical record evidence and explain his conciliation and/or rejection of the evidence.  Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000).

      Plaintiff also argues that the ALJ failed to properly consider Plaintiff's functional limitations and the testimony of Plaintiff and his mother.  Because I will order that this case be remanded for the reasons discussed above, and because Defendant has agreed to offer Plaintiff a new hearing and further evaluate the evidence, Doc. 13 ¶ 3, I do not find it necessary to further address these issues.

      Accordingly, I will grand the motion to remand.  An appropriate Order and Judgment Order follow.

---

[5] For example, Drs. Fink and Gavazzi both erroneously state that Plaintiff worked part time, tr. 111, 122, when the record indicates that he was not working.